**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 16-72-GMS-1 |
| | ) | |
| DANIEL ARTHUR HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant, Daniel Hill, photographed his penis touching a one-year-old's vagina. He photographed himself manipulating a 4-year-old's penis with his hand. And he surreptitiously recorded an 11-year-old naked in a bathroom. These were children under his care who depended on him to keep them safe. Instead, he sexually abused and exploited them and, to make matters worse, then distributed at least some of these images to fellow pedophiles. The defendant's conduct marks him as child predator and poses a serious danger to any child with whom he might come in contact, now and in the future. Accordingly, the government recommends a guideline sentence of 720 months, which is amply justified by an analysis of the factors set forth in 18 U.S.C. § 3553(a), and is necessary to provide just punishment and adequate deterrence for the defendant's serious offense.

**FACTORS UNDER 18 U.S.C. § 3553(a)**

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court should consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

### A. Nature and Circumstances of the Offense

The defendant victimized three minors who were in his care. This conduct illustrates an extraordinary lack of empathy and abuse of his control. At the time of his arrest, the children (Minors A, B and C) were twelve, five, and one years old, respectively. Images of child pornography depicting each of the three minors were recovered on the defendant's phone. These images included lascivious depictions of Minor C in the bathroom, undressing prior to taking a shower and drying his body afterwards. They also included several images of Minor B in which the defendant's hand manipulated Minor B's penis. And last, they included an image of Minor A straddling the defendant in a bathtub. Here, the defendant's penis contacted Minor A's genitalia.

This abuse would likely have escalated further had the defendant not been arrested. Messages the defendant exchanged with Kik[1] user "Maria" – with whom the defendant traded sexual images of children – discussed sexual acts involving children:

| Chats recovered from Kik between Defendant and Kik user "Maria" | | | |
|---|---|---|---|
| From: | To: | Date and Time: | Content: |
| Defendant | Maria | 08/18/15 10:18:25pm | I usually try and rub my dick on it but I really want to stick it in |
| Maria | Defendant | 08/18/15 10:18:43pm | Just gently press against her hole |
| Defendant | Maria | 08/18/15 10:19:06pm | I Spread her hole open and fill it up |
| Maria | Defendant | 8/18/2015 10:19:27pm | Can you fit your finger in her |

---

[1] Kik is a free instant messenger application for mobile phones. Users can chat by sending text messages, photos, videos, and other content.

The content of these chats suggests that they are speaking about a minor female and thus are evidence of the defendant's desire to engage in penetrative abuse.

Moreover, two of these victims suffer from significant physical and mental challenges, and all three were particularly vulnerable. One of the minors suffers from a rare condition that causes lesions on the brain. Another of the minors has an illness that results in severely underdeveloped verbal communication abilities. The defendant preyed on these minors' additional vulnerabilities and inability to speak for themselves.

In fashioning the sentence, the Court should consider how the nature of the offense impacts such victims. The "use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child" used in the production of the pornographic material. *Osborne v. Ohio*, 495 U.S. 103, 109 (1990). Victims of child sexual abuse are likely to suffer long-lasting effects of the abuse. *See also New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) ("It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults.") The long term effects of such abuse as perpetrated by the defendant bear upon the need for just punishment. In our case, two of the minor victims face challenges and difficulties which may further exacerbate the negative consequences of the abuse they have suffered. And all three may at some point deal with the difficult reality that their images have been viewed and traded by other offenders on the internet. Thus, this case is distinguishable from other types of production cases. Here, the defendant himself was the actual, proximate, and direct cause of harm to the minor victims abused for the purposes of creating sexually exploitative images.

Additionally, the defendant also possessed and distributed child pornography. His Kik chat records are evidence that the defendant interacted with others with a sexual interest in children, and

that he sent exploitative images of Minor B to two separate Kik users. The defendant bragged that he had access to these children in his Kik conversation:

| **Messages between Defendant and Kik user "Live"** | | | |
|---|---|---|---|
| From: | To: | Date and Time: | Content: |
| Defendant | Live fast, die young, and leave a beautiful corpse.[2] | 08/22/15 3:16:53pm | U into boys? Or is it just girls |
| Live… | Defendant | 08/22/15 3:17:05pm | Why |
| Defendant | Live… | 08/22/15 3:17:17pm | I got a 4yr boy here |
| Live… | Defendant | 08/22/15 3:17:35 pm | Can. I? |
| Live… | Defendant | 08/22/15 3:17:49pm | See |
| Defendant | Live… | 08/22/15 3:18:06pm | If I can get a few pics or vids of you I want to see your face and body |
| Live… | Defendant | 08/22/15 3:20:15pm | I, like showing off my (now 14) year, old friend |
| Defendant | Live… | 08/22/15 3:21:05pm | Are those the chick you been sending to me? |
| Defendant | Live… | 08/22/15 3:22:45pm | You don't have anything new of her? I'm only asking cause if you want to trade then we might be able too |

These chats illustrate that the defendant traded in child pornography images with the enthusiasm and zeal for trade that other collectors apply to items such as baseball cards or stamps. Without the demand by consumers for child pornography and suppliers such as the defendant, the marketplace for child pornography would not exist. The defendant directly furthered the child pornography market by collecting and trading images of child pornography. He further incentivized production by other predators by requests for "new" material, such as the one above. Moreover, he was more than a supplier; he used very young – especially vulnerable – minors in his care to produce such

---

[2] Hereinafter referred to as "Live…"

4

images as well. He also collected images to satisfy his own deviant desires. For instance, in one chat to Live (the Kik user with whom he communicated in the chats above) the defendant asked "*Do you have the video of the guy cumming on the girls face sleeping with the mermaid pillow?....I think it was in that group I met you in I lost the video and it was the best one ever use to make me cum...*" Such chats show the level of his engagement with an online community of people who freely traded in images and reinforced illegal and illicit behavior in one another.

In this vein, it is worth noting that the defendant's personal collection of images, recovered in the forensic search of his devices, also included explicit images involving bestiality, toddlers, and infants. A sample of videos found on the defendant's cellular phone is described in the table below:

| File Type | Description |
|---|---|
| .mp4 video | Naked, prepubescent girl on her hands and knees performing oral sex on a four-legged, furry animal. The girl's face is clearly visible and she has a collar around her neck. |
| .mp4 video | Adult penis penetrates a young, prepubescent girl's anus and rubs against her vulva. This penis is too large to penetrate the girl's vulva. The girl is lying on a bed and the camera pans to her face, revealing that she is sucking her thumb. |
| .mp4 video | Adult penis ejaculates onto the face and into the mouth of a sleeping, prepubescent girl lying on a Little Mermaid blanket. The girl performs oral sex on the penis at the end of the video. \*\*\***This video's content is consistent with the defendant's request and description of a video to another Kik user as quoted above.** |

Lastly, the defendant's behavior proves that his online interactions were far from just fantasies -- he sent explicit texts and graphic photos of himself to someone he believed to be a 14-year-old girl, arranged to meet with the purported minor for the purpose of engaging in intercourse, and showed up for the meeting, at which point he was arrested. The following are excerpts from the

defendant's chats to the undercover, discussing the defendant's intentions with regard to meeting the purported minor, which repeatedly make reference to her young age:

| Kik Messages from Defendant to UC posing as 14-year-old | |
|---|---|
| 12/07/15 at 20:49:00 (EST) | No but I am intelligent and also seeing pics of you help prove to me your not the cops also |
| 12/07/15 at 20:54:40 (EST) | I'm a very sexual person and would love to see you naked to imagine stuff with you or dream |
| 12/09/15 at 20:18:14 (EST) | I am to prolyl more nervous than you are |
| 12/09/15 at 20:18:47 (EST) | Cause your underage |
| 12/15/15 at 21:21:47 (EST) | Condoms break on me so if you want me to nut deep in that pussy I can wear a condom |
| 12/15/15 at 21:22:14 (EST) | But I want to feel your young wet juices |

Thus, the Court has evidence before it that the defendant actively sought out minors, aside from those in his care, with whom he sought to further act out his sexual interest in children. For these reasons, the government believes the facts and circumstances of this case warrant a significant sentence of incarceration.

  **B.  History and Characteristics of the Defendant**

  The defendant has a relatively insignificant criminal history, in that he has only one adult conviction, for offensive touching, though the underlying facts reveal that this was an assault, underlining the fact that the defendant is a danger to other persons. (PSR ¶ 60). However, other characteristics of the defendant, aside from his criminal history, weigh heavily in favor of a

significant sentence. The extraordinary lack of empathy which he displayed in exploiting vulnerable children is a significant factor. The defendant was neither living alone nor socially isolated at the time of the offense. He was in a relatively long-term romantic relationship at the time he was offending. Neither of these usually stabilizing factors prevented him from offending against minors. According to the PSR, the defendant denies having a sex addiction, or ever viewing child pornography. (PSR ¶ 76). Not only is this assertion belied by the facts and the evidence of the instant offense, but it shows a lack of accountability and understanding on the part of the defendant as to the nature and consequences of his behavior. The evidence of the defendant's interactions with other Kik users in trading, discussing, and evidently masturbating to such images, stands in direct contradiction.

  C. **Need to Deter Future Criminal Conduct and to Protect the Public**

The defendant's sentence should both deter him from engaging in future criminal conduct and also protect the public. The government avers that, if given the opportunity, there is a strong likelihood that the defendant will return to this predatory behavior in the future, due to his sexual attraction to minors. According to *A Profile of Pedophilia: Definition, Characteristics of Offenders, Recidivism, Treatment Outcomes, and Forensic Issues,* Ryan C. W. Hall, M.D. and Richard C.W. Hall, M.D., P.A., Mayo Clin. Proc. (April 2007), "The published rates of recidivism are in the range of 10% to 50% for pedophiles depending on their grouping. Some studies have reported that certain classes of pedophiles (e.g., homosexual, nonrelated) have the highest rate for repeated offending compared with other sex offenders. Generally, homosexual and bisexual pedophiles have higher recidivism rates than heterosexual pedophiles." *See also H.R. Rep*. No. 107–527 at 2 (2002) ("Studies have shown that sex offenders are four times more likely than other violent criminals to recommit their crimes").

Through his conduct, the defendant has demonstrated a sexual interest in children, male and female, in ages ranging from infancy to 14 years. Thus, the defendant poses a threat to any and all children with whom he may come in contact. The defendant also perpetrated against the most vulnerable kind of victims: young children, in his care, who faced significant challenges. An appropriately lengthy sentence is necessary to deter the defendant from repeating this criminal behavior, and to protect children from his actions.

Not only has the defendant demonstrated a wide ranging sexual interest in children, but he likely will continue to do so for the rest of his life. Old age does not necessarily deter child sexual offenders, rather it merely affects how they express their deviant inclinations. *See* Matt Hart, *The Geriatric Sex Offender: Senile or Pedophile?,* 32 LAW & PSYCHOL. REV. 153 (2008) ("Generally, older sex offenders engage in more passive sexual activity as compared to their younger counterparts. For example, fondling by elderly offenders is more prevalent than intercourse. Research has shown that elder offenders are more likely to commit 'nonviolent' sexual offenses such as pedophilia or exhibitionism as opposed to 'violent' offenses such as forcible rape. Specific examples of these 'nonviolent' offenses include improperly touching an acquaintance, statutory rape, exposing of the genitals (usually to a minor), and other acts of exhibitionism.") *See also* H.R. Rep. No. 107–527 at 2 (2002) ("recidivism rates do not appreciably decline as offenders age"). A significant guideline sentence here would protect Minors A, B, and C from further exploitation by the defendant and incapacitate the defendant from committing further exploitation and abuse until well into his eighties, thereby reducing, but not eliminating, the danger he poses to children.

The need to protect the public also weighs in favor of lifetime supervised release. Because supervised release allows the court to fashion appropriate conditions to monitor the defendant's

conduct and provide him with beneficial treatment, it is the most useful way to address the defendant's risk of reoffending post-incarceration. As old age is not necessarily a deterrent to child sexual offenders, a sentence including lifetime supervised release would serve to further protect the community.

   **D.**  **Need to Provide Treatment to Defendant**

Due to the nature of the defendant's crimes, the defendant should be ordered to participate in a sex offender treatment program while incarcerated.

   **E.**  **Applicable Guideline Range**

The PSR has correctly calculated the final offense level as 43 in this case. (PSR ¶ 56). Count One of the indictment has a base offense level of 32. (U.S.S.G. § 2G2.1(a), PSR ¶ 26). There is a four-level enhancement as the victim was under the age of 12. (U.S.S.G. § 2G2.1(b)(1)(A), PSR ¶ 27). There is another four-level enhancement on because the offenses involved material that portrays an infant or toddler. (U.S.S.G. § 2G2.1(b)(4)(B), PSR ¶ 28). There is also a two-level enhancement because the defendant was in supervisory control of the victim at the time of the offense. (U.S.S.G. § 2G2.1(b)(5), PSR ¶ 29). This results in an offense level of 42. (PSR ¶ 33). Count Two of the Indictment also has a base offense level of 32. (U.S.S.G. § 2G2.1(a), PSR ¶ 34). There is a four-level enhancement as the victim was under the age of 12. (U.S.S.G. § 2G2.1(b)(1)(A), PSR ¶ 35). There is another four-level enhancement on because the offenses involved material that portrays an infant or toddler. (U.S.S.G. § 2G2.1(b)(4)(B), PSR ¶ 38 ). There is a two level enhancement because the offense involved sexual contact. (U.S.S.G. § 2G2.1(b)(2)(A), PSR ¶ 36). There is another two level enhancement because the defendant distributed this image. (U.S.S.G. § 2G2.1(b)(3), PSR ¶ 37). There is yet another a two-level enhancement because the defendant was in supervisory control of the victim at the time of the

offense. (U.S.S.G. § 2G2.1(b)(5), PSR ¶ 38). This results in an offense level of 46. (PSR ¶ 43). Pursuant to U.S.S.G § 2G2.1(d)(1) and Application Note 5, if the offense involved the exploitation of more than one minor, a multiple count adjustment shall be applied, as if the exploitation of each minor had been contained in a separate count of conviction. Thus, there is an increase by two levels due to the multiple count adjustment. (U.S.S.G. § 3D1.4, PSR ¶ 50). There is a five-level enhancement because the defendant engaged in a pattern of activity involving prohibited sexual conduct. (U.S.S.G. § 4B1.5(b)(1), PSR ¶ 54). The calculated total offense level is a 53. (PSR ¶ 54). There is a three level-reduction for acceptance of responsibility, which lower the total offense level to 50. (U.S.S.G. § 3E1.1(a), (b), PSR ¶ 55). However, pursuant to the U.S. Sentencing Guidelines, when a total offense level is calculated in excess of 43, the offense will be treated as level 43. (PSR ¶ 56). Based upon a Criminal History Category I and total offense level 43, defendant's advisory sentencing guideline term of imprisonment is life, but becomes 720 months (60 years) because of the applicable statutory maximum.

An additional relevant enhancement would not affect the calculation of the final offense level, because the defendant already faces the maximum potential offense level as presently calculated in the PSR. Nevertheless, it bears noting because the conduct supporting such an enhancement is relevant to considerations this Court should review when it determines a reasonable sentence which meets the goals of 18 U.S.C. § 3553(a). The additional relevant enhancement is for a "vulnerable victim" under U.S.S.G. §3A1.1. "The enhancement may be applied where: (1) the victim was particularly susceptible or vulnerable to the criminal conduct; (2) the defendant knew or should have known of this susceptibility or vulnerability; and (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was "a nexus between the victim's vulnerability and the crime's ultimate success." *United States v. Iannone,* 184 F.3d 214, 220 (3d

Cir. 1999); *see also United States v. Horton,* 638 F. App'x 126, 129–30 (3d Cir. 2016), cert. denied, 137 S. Ct. 679, 196 L. Ed. 2d 562 (2017)(unpublished) (District Court properly applied vulnerable victim enhancement where defendant was aware victim was asleep and unable to object to or halt any criminal conduct). Here, the defendant was aware of the significant limitations or challenges facing the minors in his care, and it was his custodial position which enabled him to have access to all three of these children. Furthermore, two of the victims were literally unable to speak about or verbally object to what was happening to them, which further exacerbated the egregiousness of defendant's conduct.

### F. Need to Avoid Unwarranted Sentencing Disparities

The defendant's crimes, history and characteristics, and relevant conduct all support a lengthy sentence of imprisonment. As such, the need to avoid unwarranted sentence disparities clearly weighs in favor of a within Guidelines sentence. 18 U.S.C. § 3553(a)(6). This defendant's crimes are particularly heinous and therefore a sentence which is commensurate with similarly heinous offenses is warranted. In particular, the Government highlights the cases below in support of the requested sentence. Other cases in this district that involved the production and distribution of child pornography have generally resulted in sentences of 30 years or more, even for so-called "first time" offenders whose offenses only first came to light upon their arrest and prosecution.[3]

In *United States v. John Thomas Matthew Lee*, No. 14-61-LPS, this Court sentenced the defendant to 30 years of incarceration for producing and distributing child pornography with several children between the age of 10 and 16 years old. Lee had previously been convicted of sexual

---

[3] Most recently, in *United States v. James Ira Allen*, No. 15-52-RGA, this Court sentenced the defendant to 15 years of incarceration to be served concurrently with his State of Delaware sentence of 18 years. However, unlike this case, the Court's sentence coincided with the government's recommendation of 15 years.

assault by a military court. Similar to our defendant, Lee communicated with minors online, as well as posting images online of children whom he abused in person.

In *United States v. Harry K. Roche*, No. 13-60-SLR, this Court sentenced the defendant to 35 years in prison for producing and then distributing child pornographic images of a 13-year-old boy. Roche had previously been convicted of child sex crimes involving the production of child pornography with different victims.

In *United States v. Wasylyk*, No. 10-117-RGA, Judge Andrews sentenced the defendant to 30 years of incarceration to run concurrently with 20 years of incarceration for having produced and then distributed images of himself engaged in oral sex with a 12-year-old boy. Like the defendant, Wasylyk distributed the sexually explicit images of the child that he produced to other child sex offenders. And like the defendant, Wasylyk had not been previously convicted of similar child exploitation crimes.

In *United States v. William A. Phillips*, No. 08-31-JJF, this Court sentenced the defendant to 30 years of incarceration for production and possession of child pornography. Like this case, Phillips' victim was a 4-year-old female who was under Phillips' supervision at the time that the photographs were taken. Some of the recovered pictures show Phillips engaged in sexual acts with the child. The law enforcement officers also identified a second child, approximately 2 years old, who Phillips recorded engaging in sexually explicit conduct.

In *United States v. Paul Pavulak*, No. 09-43-SLR, this Court sentenced the defendant to life plus 10 years of incarceration for attempted production and possession of child pornography related to an 11-year-old and attempted coercion and enticement of a 2-year-old. Pavulak had been convicted in 1998 and 2005 of second degree unlawful sexual contact with minors in New Castle County Superior Court. In each of those cases, Pavulak molested the daughters of women he was

dating. Like this defendant, Pavulak both preyed both upon children to whom he had unfettered access and used the internet to gain access to other minors for the purpose of exploiting them.

While some of the defendants mentioned were responsible for the care and supervision of their victims, none of them victimized children so vulnerable as the defendant presently before the court. In this case, the first victim was not even one year old, the second victim was four years old and non-verbal, and the third victim was ten years old and battling a serious illness. The Sentencing Guidelines factor in the level of vulnerability of a particular victim. The court should also factor in such vulnerability in fashioning its sentence in accordance with the 3553(a) factors, with respect to the depravity of defendant's conduct here as compared to other offenders previously sentenced within this district.

Nationally, a sentence of sixty years would be consistent with production offenders in the defendant's age range (25 to 35 years old), who have three or fewer victims, and who have offended against victims ranging in age from toddler to teenager. Since 2008, at least 15 such offenders have received sentences of 1020 months (90 years) or greater for production offenses, in 12 districts nationwide.[4] The facts in many, though not all, of these cases involve more severe physical sexual abuse; however, few involve victims as vulnerable or as especially powerless as the ones the

---

[4] United States v. Patricia Allana Ayers, 14-CR-00117-LSC-SGC-5, N.D. Ala.; United States v. Joshua Adam Tatro, 15-CR-00176-ORL, M.D. Fla.; United States v. Steven Speer,13-CR-00561-T, M.D. Fla.; United States v. Timothy Ryan Zollman, 15-CR-00167, S.D. Iowa; United States v. Darrick C. Boroczk, 09-CR-00647-1, N.D. Ill.; United States v. Tabitha D. Robinson, 08-CR-30234-GPM-DGW, S.D. Ill.; United States v. Louise Masulla, 08-CR-30234-GPM-DGW, S.D. Ill.; United States v. William Milligan, 08-CR-30234-GPM-DGW, S.D. Ill.; United States v. Daniel T. Eckstrom, 13-CR-00084-02, N.D. Ind.; United States v. Michael James Hinojosa, 1:06-CR-93, W.D. Mich.; United States v. Michael Paul Martin, 09-CR-00760 JCH, E.D. Mo.; United States v. Ryan Staples, 13-CR-00440, N.D.N.Y.; United States v. Shawn M. Lennard, 09-CR-00444, N.D. Ohio; United States v. Timothy Rinehart, 13-CR-00091-B-DL, N.D. Tex.; United States v. James Robert Cobler, 12-CR-00026. W.D. Va.

defendant offended against in this case. A guideline sentence of sixty years would justly and adequately reflect the severity of the defendant's crimes.

### F. Restitution

The United States requests that any restitution determination and hearing be deferred as allowed by 18 U.S.C. § 3664(d)(5). It should be noted that as part of his plea agreement, the defendant agreed to pay restitution to all victims identified in the Indictment.

//

//

//

//

## CONCLUSION

In requesting a guideline sentence, the Government has taken into account the defendant's acceptance of responsibility. In consideration of the defendant's guilty plea, the Government agreed to dismiss the remaining counts, including those under which the Government could have sought the functional equivalent of a life sentence. For the reasons stated above, the United States asks the Court to impose a guideline sentence of 720 months of imprisonment and lifetime supervised release.

        DAVID C. WEISS
        United States Attorney

By: /s/ Graham Robinson
    Graham Robinson
    Assistant United States Attorney

    /s/ Nadia C. Prinz
    Nadia C. Prinz
    Trial Attorney
    United States Department of Justice
    Criminal Division
    Child Exploitation and Obscenity Section
    1400 New York Ave. NW, Suite 600
    Washington, D.C. 20005
    Phone: (202) 514-3740
    Email: Nadia.Prinz@usdoj.gov

<u>Certificate of Service</u>

      I hereby certify that, on April 27, 2018, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing, of which opposing counsel is a member.

                                      <u>/s/ Nadia C. Prinz</u>
                                      Nadia C. Prinz
                                      Trial Attorney
                                      United States Department of Justice
                                      Criminal Division
                                      Child Exploitation and Obscenity Section
                                      1400 New York Ave. NW, Suite 600
                                      Washington, D.C. 20005
                                      Phone: (202) 514-3740
                                      Email: Nadia.Prinz@usdoj.gov